United States District Court
Southern District of Texas
FILED

APR 1 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | | |
| PETITION OF MORGAN SHRIMP, INC. § | C. A. NO. **B-02- 076** | |
| AS OWNER AND OPERATOR, OF THE § | | |
| RODNEY & BOBBY, ITS ENGINES, § | ADMIRALTY | |
| TACKLE, ETC., IN A CAUSE OF § | | |
| EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | (Subject to Rule 9 (h) | |
| § | of the Federal Rules | |
| § | of Civil Procedure) | |
| § | Admiralty | |

**COMPLAINT AND PETITION OF MORGAN SHRIMP, INC. AS OWNER AND OPERATOR, OF THE RODNEY & BOBBY, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Petitioner, **MORGAN SHRIMP, INC. AS OWNER AND OPERATOR, OF THE RODNEY & BOBBY, ITS ENGINES, TACKLE, ETC.** in a cause of exoneration from or limitation of liability and file this their Complaint and Petition and as cause allege as follows:

I.

The Petitioner, Morgan Shrimp, Inc. was at all times mentioned, a business existing under the laws of the State of Texas, and maintaining its principal office and place of business at Port Isabel, Cameron County, Texas. Morgan Shrimp, Inc. is the owner of the **RODNEY & BOBBY**.

II.

The **RODNEY & BOBBY** is and at all material times was a shrimp boat. Its official Identification Number is 606232. The **RODNEY & BOBBY** was at all times material in all respects seaworthy, and it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines,

machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

### III. FACTS

On or about January 15, 2000, the **RODNEY & BOBBY** was in navigable waters in the Gulf of Mexico. The voyage on which plaintiff claims to have been injured departed from Port Isabel on or about January 9, 2000 and returned to Port Isabel on February 16, 2000. On or about January 15, 2000 and while on the same voyage, the Plaintiff Juan Pablo Sandoval claims he was injured aboard the **RODNEY & BOBBY**. Plaintiff has filed a personal injury lawsuit in state court in Cameron County, Texas styled as Juan Pablo Sandoval v. Twin City Shrimp Company and Morgan Shrimp, Inc.. The cause number of the state court action is 2001-10-4373-D and is pending in the 103rd Judicial District Court. Plaintiff alleges in his suit that he was injured while performing assigned duties as the captain of the vessel and while he was maneuvering the vessel in choppy waters. He claims that trunk doors fell on him causing a back injury.

### IV.

The Plaintiff's alleged injuries and damages as set forth in Paragraph III were not caused or contributed to by any fault or negligence or want of care on the part of the **RODNEY & BOBBY**, the Petitioner, or anyone for whom the Petitioners may be responsible.

### V.

The alleged injuries and damages as set forth in Paragraph III were occasioned and incurred without the design or neglect of the Petitioner, or anyone for whom the Petitioners may be responsible.

### VI.

In addition, the alleged injuries and damages as set forth in Paragraph III were occasioned and incurred without the privity or knowledge of the Petitioner.

VII.

Except as stated in Paragraph III, there are no other known demands, unsatisfied liens or claims of lien, in contract or in tort, or lawsuits arising from the vessel's above-mentioned voyage, so far as known to the Petitioner.

VIII.

The alleged injuries and damages which occurred on or about January 15, 2000 were occasioned and incurred without fault on the part of the Petitioner or any other party to Plaintiff's lawsuit and without the design or neglect of the Petitioner and without the privity or knowledge of the Petitioner, and without unseaworthiness or fault of the **RODNEY & BOBBY**; nevertheless, claims and demands have been made by Plaintiff against the Petitioner and others.

IX.

The amount of the aforesaid claims and demands referred to in Paragraph III, may exceed the amount and value of the Petitioners' interest in the **RODNEY & BOBBY** immediately after the alleged occurrence of January 15, 2000 and/or at the time of the termination of its voyage in question, and the value of its then pending freight.

X.

As appears from the Affidavit of Carlton Reyes, attached as Exhibit "A", the **RODNEY & BOBBY** and its freight had a value not in excess of $225,000 at the time of the conclusion of the the voyage on which Plaintiff claims he was injured. The vessel may be found at Port Isabel, Texas within Cameron County and in the possession of Morgan Shrimp, Inc. at 901 Southshore Drive.

## XI.

The Petitioner desires to contest its liability, and the liability of the **RODNEY & BOBBY**, for the loss, injuries, and damages allegedly sustained by Plaintiff as a result of the alleged occurrence of January 15, 2000 in which the Plaintiff claims he was injured and for any and all losses, damages, and/or personal injuries which may have occurred during the voyage in question, and the Petitioner claims exoneration from or limitation of liability for the loss and/or injuries of Plaintiff, during the voyage of the **RODNEY & BOBBY** on or about January 15, 2000. The Petitioner, alleges that is has valid defenses on the facts and on the law. The Petitioner further claims the benefit of Limitation of Liability as provided in Sections 4282 to 4289, inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and the Supreme Court of the United States.

## XII.

While not in any way admitting that the Petitioner is under any liability for the alleged personal injury, and claimed damage to the Plaintiff, the Petitioner here claims and reserve its right to contest in this or any other Court any liability therefore, either of the Petitioner or of the **RODNEY & BOBBY**, and the Petitioner claims and is entitled to have liability, if any, limited to the amount or value of its interest as aforesaid in the **RODNEY & BOBBY** at the termination of the voyage in question.

### XIII.

Subject to an appraisal of Morgan Shrimp Inc.'s interest in the vessel, the Petitioner's offer an *Ad Interim Stipulation* for value in the sum of $225,000.00, a sum in excess of the aggregate value of Morgan Shrimp Inc.'s interest in the vessel, her equipment and freight pending on January 15, 2000. To that end, Morgan Shrimp, Inc., deposits with the Court security in the amount of $225,000.00 plus interest at the rate of six percent (6%) per annum, from date of security, as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### XIV.

Should this Court deem a subsequent appraisement to be necessary, Morgan Shrimp, Inc. stands ready willing and able, upon order of the Court, and subject to obtaining appropriate further security, to deposit further sums of security to the Court based on such appraisement, or pursuant to an order of this Court, after notice and hearing, granting any claimant's motion to increase security. .

### XV.

The Petitioner would show that the Petitioner and the **RODNEY & BOBBY** have been sued in the above state court in Cameron County, Texas as set forth in Paragraph III. . This Honorable Court has cognizance of this proceeding and this is the proper court and district in which to file this Petition as provided by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

### XVI.

The Petitioner would show that this Complaint and Petition has been filed within the six-month period subsequent to the giving of any written notice to the Petitioner by the Plaintiff claimant for damages which Plaintiff claims to have suffered on January 15, 2000 while aboard the **RODNEY & BOBBY**, while it was in navigable water.

## XVII.

All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, the Petitioner prays:

(1) That this Court give notice to all persons asserting claims by reason of any loss, injuries expenses or damages occasioned or incurred by reason of the occurrence described above, admonishing them to file their claims with the clerk of the Court and to serve the attorneys for Petitioner, a copy of their claim on or before a date to be stated in the notice, failing which any such party shall be forever barred from such claim;

(2) That this Court issue an injunction restraining the commencement or prosecution of any and all actions, suits, or legal proceedings of any kind arising out of the occurrence against Morgan Shrimp, Inc. and the vessel, other than in the present action;

(3) That this Court adjudge Morgan Shrimp, Inc. not liable for any loss, injury, expense, damage or claim whatsoever as a consequence of this occurrence, or that if such liability exists, that it be limited to the value of Morgan Shrimp, Inc.'s interest in the **RODNEY & BOBBY** along with its tow and freight, if any, pending at the time of the occurrence;

(4) That this Court accept Morgan Shrimp, Inc.'s Ad Interim Stipulation for value as security for this action; and

(5)  That the Petitioner may have such other and further relief to which it may be entitled.

Respectfully submitted,

_____
T. Mark Blakemore
State Bar No.02431800
Federal ID 1915
Daniel P. Whitworth
State Bar No.24008275
Federal ID 23119
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520-9136
(956) 541-9600
(956) 541-9695 Facsimile
**Attorneys for the Petitioner, Morgan Shrimp, Inc., as owner and operator, of the RODNEY & BOBBY, its engines, tackle, etc.**

OF COUNSEL:

**RENTFRO, FAULK AND BLAKEMORE, L.L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF MORGAN SHRIMP, INC. | § | C. A. NO. B-02-076 |
| AS OWNER AND OPERATOR, OF THE | § | |
| RODNEY & BOBBY, ITS ENGINES, | § | ADMIRALTY |
| TACKLE, ETC., IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |
| | § | (Subject to Rule 9 (h) |
| | § | of the Federal Rules |
| | § | of Civil Procedure) |
| | § | Admiralty |

### AFFIDAVIT OF VALUE OF VESSEL

THE STATE OF TEXAS §
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority on this day personally appeared Carlton Reyes, who, after being by me first duly sworn upon oath, stated as follows:

1. "My name is Carlton Reyes. I have been in the shrimping business since 1969 at the Port of Brownsville, Texas. I am the owner of Reyes Trawlers. As part of my job I regularly inspect vessels similar to the RODNEY & BOBBY. I have inspected the RODNEY & BOBBY. I also am familiar with market conditions involving similar vessels. *I am a Marine Surveyor/Marine Adjuster* C.R.

2. I am over 18 years of age, of sound mind, have never been convicted of a felony, and am fully competent to make this affidavit. Morgan Shrimp, Inc. has fully authorized me to make this affidavit on its behalf, and I know of no reason why I might be disqualified from testifying to the matters stated herein.

3. "Based upon my knowledge of the market for shrimp boats of similar size and characteristics, and my familiarity with such vessels, I value this vessel at

Exhibit ___A___
Page __1__ Of __2__

approximately the time of the alleged accident of January 15, 2000 to be $220,000.00.

X Carlton Reyes

SUBSCRIBED AND SWORN TO BEFORE ME on this the 16th day of April, 2002, to certify which witness my hand and official seal.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

MY COMMISSION EXPIRES: 7/7/04

ESTELLA R. IRURITA
Notary Public, State of Texas
My Commission Expires 07-07-2004

Exhibit ___A___

Page __2__ Of __2__

-2-