United States District Court
Southern District of Texas
FILED

AUG 3 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION § | | C.A. NO. B-02-076 |
| OF MORGAN SHRIMP INC § | | |
| as Owner and Operator of THE § | | Federal Rules of Civil Procedure |
| RODNEY & BOBBY Its Engine Tackle etc. § | | Rule 9(h) - ADMIRALTY |
| Its Engines Tackle etc., For Exoneration § | | |
| from or Limitation of Liability § | | |

## ANSWER AND CLAIMS OF JUAN PABLO SANDOVAL

COME NOW, through undersigned counsel, JUAN PABLO SANDOVAL filing this Answer to the Original Complaint of Morgan Shrimp Inc., and Claims against Morgan Shrimp, Inc. as follows:

Claimant denies each and every allegation contained therein that is not hereinafter specifically admitted.

Further answering, categorically, the several allegations of the original complaint, claimant says:

## ANSWER TO COMPLAINT OF MORGAN SHRIMP, INC.

1.

Claimant admits the allegations contained in Paragraph I.

2.

Claimant denies the allegations contained in Paragraph II.

3.

Claimant admits the allegations contained in Paragraph III.

4.

Claimant denies the allegations contained in Paragraph IV.

5.

Claimant denies the allegations contained in Paragraph V.

6.

Claimant denies the allegations contained in Paragraph VI.

7.

Claimant denies the allegations of Paragraph VII for lack of sufficient information to justify a belief in the truth thereof..

8.

Claimant denies the allegations contained in Paragraph VIII.

9.

Claimant denies the allegations of Paragraph IX for lack of sufficient information to justify a belief in the truth thereof.

10.

Claimant denies the allegations of Paragraph X for lack of sufficient information to justify a belief in the truth thereof.

11.

Claimants denies the allegations contained in Paragraph XI to the extent they pertain to factual allegations. As to legal conclusions no answer is required.

12.

Claimant denies the allegations contained in Paragraph XII.

13.

Claimant denies the allegations contained in Paragraph XIII.

14.

Claimant denies the allegations of Paragraph XIV for lack of sufficient information to justify a belief in the truth thereof.

15.

Claimant denies the allegations contained in Paragraph XV.

16.

Claimant denies the allegations of Paragraph XVI.

**First Defense**

The complaint of Morgan Shrimp, Inc., fails to state a claim or cause of action upon which relief can be granted.

**Second Defense**

Claimant reserves the right to contest the appraisal value of the RODNEY & BOBBY, its engines, tackle, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**Third Defense**

Claimant reserves the right to challenge the status of the complainant as the owner/operator of the RODNEY & BOBBY and thereby reserves the right to challenge the Complainant's entitlement to seek limitation of or exoneration from liability in this matter.

**Fourth Defense**

In the alternative, if Juan Pablo Sandoval is able to prove the allegations asserted against Morgan Shrimp, Inc. and the RODNEY & BOBBY in the claims asserted in Cause No. 2001-10-4376-D; *Juan Pablo Sandoval v. Twin City Shrimp Company and Morgan Shrimp, Inc.*; In the 103rd Judicial District Court of Cameron County, Texas, including but not limited to allegations of fault, negligence, strict liability and unseaworthiness, claimant avers that such allegations occurred within the privity and knowledge of Morgan Shrimp, Inc. and, accordingly, Morgan Shrimp, Inc., cannot limit its liability.

## CLAIMS AGAINST MORGAN SHRIMP, INC. and *RODNEY & BOBBY*

AND NOW, Juan Pablo Sandoval asserts his claims against Morgan Shrimp, Inc. and the RODNEY & BOBBY in the above-entitled proceeding, as follows:

(1) On or about January 15, 2000, Juan Pablo Sandoval on board the vessel RODNEY & BOBBY on navigable waters of the United States, was performing assigned duties as the captain of the vessel and while maneuvering the vessel in choppy waters, the trunk doors fell on him causing his injuries.

(2) Claimant will show that Petitioner was negligent under the General Maritime Law. At all material times Juan Pablo Sandoval was employed by Twin City Shrimp Company and Morgan Shrimp, Inc as captain of the subject vessel. Morgan Shrimp, Inc. was negligent in failing to provide a safe place to work and their negligence was a producing cause of Juan Pablo Sandoval's injuries. Alternatively, Petitioners were negligent under the General Maritime Law and such negligence was a proximate cause of Juan Pablo Sandoval's injuries. Petitioners were negligent in

inadequately manning the vessel and Petitioners were negligent through acts and omissions of their employees on board the vessel under the doctrine of *respondeat superior*. All these acts and omissions and conditions of the vessel were within the privity and knowledge of the Petitioner.

(3)     Further, claimant JUAN PABLO SANDOVAL, would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Juan Pablo Sandoval was injured and the injuries which he sustained were produced by the negligence and proximately caused by the unseaworthiness of the vessel, as those terms are understood in law, on the part of the Petitioners and/or its agents, servants and employees, who were acting in the course and scope of their employment for the Petitioners at all times material to this cause of action. The Petitioners owed to your Claimant a duty to furnish him a safe place in which to work and a seaworthy vessel. Petitioners failed in those respects and did not furnish a seaworthy vessel and such unseaworthiness of the vessel caused and resulted in the injuries and damages sustained by the Claimant. These conditions were brought about and caused by the Petitioners.

(4)     As a result of the incident of January 15, 2000, as set forth in the petition for limitation of or exoneration from liability and the resulting injuries of Juan Pablo Sandoval, the claimant hereby asserts a claim under the Jones Act, the General Maritime Law and all applicable law for the injuries of claimant. The conduct of those at interest with the RODNEY & BOBBY constitutes negligence as the term is understood in law, and such conduct was a proximate cause of the claimant's injuries. Furthermore, claimant would show that those at interest with the RODNEY & BOBBY were negligent through acts and omissions, by and through agents, servants, and/or employees, acting in the course and scope of their perspective employments, individually and/or

collectively. These omissions were a proximate cause of claimant's damages.

Furthermore, claimant would further show that he is entitled to the recovery of prejudgment interest in accordance with the law and equity as part of the damages herein, and claimant herein now specifically sues for recovery of pre-judgment interest from the date of the occurrence made the basis of this lawsuit until the date of judgment herein, as provided by law and equity, under the provisions of the law.

WHEREFORE, claimant prays that his claim and answer be deemed good and sufficient and that after due proceedings had there be judgment denying the complaint of Morgan Shrimp, Inc., for exoneration from or limitation of liability, with all costs to be borne by Morgan Shrimp, Inc.

Respectfully submitted,

CLARK, DEPEW & TRACEY, LTD., L.L.P.

_____
Craig V. Depew
Attorney-in-Charge
State Bar No. 05655820
Federal Bar I.D. # 10341
Alexander C. Papandreou
State Bar No. 00791401
Federal Bar I.D. # 18598
440 Louisiana, Suite 1600
Houston, Texas 77002
(713) 757-1400
(713) 759-1217 (FAX)
**ATTORNEYS FOR CLAIMANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been transmitted to all counsel of record in accordance with the Federal Rules of Civil Procedure, this 7th day of November, 2002.

_____
Alexander C. Papandreou